IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COMCAST OF ILLINOIS X, ) | |
| ) | 8:03CV311 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| MULTI-VISION ELECTRONICS, INC., ) | |
| and RONALD J. ABBOUD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court after a hearing on damages on November 21, 2005, following the court's finding of liability on the part of Defendants for violations of the Cable Communications Act, 47 U.S.C. § 553 *et seq.* ("Cable Act"), Filing No. 63. Plaintiff Comcast of Illinois X ("Comcast") seeks damages under the Cable Act from Defendant Multivision Electronics, Inc., a dissolved Nebraska corporation, d/b/a Cable Network Company ("Multivision" or "the company") and Ronald J. Abboud, its sole shareholder, President, Vice-President and Secretary, for violating the statute by "pirating" its cable television programming services. At the hearing the court denied Defendant's oral motions to dismiss and for a continuance.

Under the Cable Act, the Plaintiff is entitled to recover actual damages, along with all of Defendants' profits, whether or not such profits were derived from the sale of pirate decoders into a plaintiff's system areas. 47 U.S.C. § 553(c)(3)(A); *see also CSC Holdings, Inc. v. KDE Elecs. Corp.,* No. 99-1556, 2000 U.S. Dist. LEXIS 3231, 2000 WL 284005 (N.D. Ill. March 13, 2000); *Time Warner Entertainment/Advance- Newhouse P'ship v. Worldwide Electronics, L.C.,* 50 F. Supp. 2d 1288, 1300-01 (S.D. Fla. 1999) (awarding to plaintiff all

of defendant's profits from their pirate decoder business, regardless of the sale of pirate decoders outside the plaintiff's service area).  The court may determine damages under either of two methods of computation. 47 U.S.C. § 553(c)(3)(A)(i)&(ii). The aggrieved party may recover the actual damages suffered as a result of the violation and any profits of the violator which are not taken into account in computing the actual damages.  47 U.S.C. § 553(c)(3)(A)(i).  The aggrieved party has the burden of establishing the violator's gross revenues, and the violator has the burden of proving any expenses he incurred which are normally deductible in determining profit, as well as any profit or revenues which are attributable to factors other than the violation.  *See id.*  Alternatively, a plaintiff is entitled to an award of statutory damages for each violation.  *Id.,* § 553(c)(3)(A)(ii).

Plaintiff submitted evidence of Defendants' earnings in the form of its tax returns for the years 1992 to 1997.[1]  *See* Filing No. 70, Index of Evidence, Exhibits ("Exs.") B through G (first pages of income tax returns); Filing No. 75, Hearing Ex. 102 (complete redacted returns).   Defendants did not offer any evidence.

Based on Multivision's income tax returns for the years 1992-1997, Comcast has shown that Multivision received gross receipts in the total amount of at least $8,555,246.00 from its business, which included the sale of illegal cable descrambling equipment.  *See* Filing No. 75, Hearing Ex. 102.  The tax returns show that Multivision paid $5,088,318.00 for the goods it sold during that period, with resulting gross profits of $3,466,928.00 over six years.  *Id.*  The company's cost of goods sold thus accounted for 60% of its gross receipts.  The company's tax returns show deductions in the amount of $3,318,001.00,

---

[1] Comcast seeks an award of $8,555,246.00.  The evidence shows that this figure represents Multivision's gross receipts, not its gross profits.

2

which results in a total taxable income of only $100,754.00 for Multivision during those years.

The burden is on the defendant to show that these deductions are legitimate. Defendant has presented no evidence from which the court could make such a finding. The level of deductions, and the fact that the deductions are not supported by documentation, indicates to the court that Multivision's deductions are understated. However, that does not mean that Comcast is entitled to recover the total amount of Defendant's gross profits as damages for Defendants' violation. Based on its familiarity with the case, and on the fact that Multivision managed to stay in business for over six years, the court finds that Multivision must have expended some funds in order to run its business. In the absence of evidence to the contrary, the court will assume that all of Multivision's gross receipts were due to sales of the illegal descrambling devices. Accordingly, the court finds the measure of damages should be reduced by some amount for defendant's overhead.

Costs for overhead in the range 15% to 25% of gross receipts is ordinarily reasonable. Deduction of those percentages, along with deduction of 60% for cost of goods, would leave 15% to 25% of gross receipts as actual profit. In view of defendants' failure of proof on the issue, the court will attribute the lower of these figures to overhead, establishing legitimate deductions amounting to 75% of gross receipts. The remaining 25% of gross receipts, or the amount of $2,138,115.00, reasonably represents Multivision's profits from the violation of the Cable Act. Accordingly, the court will award Comcast the sum of $2,138,115.00 as damages under 47 U.S.C. § 553(c)(3)(A)(i).

In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000.00.  47 U.S.C.A. § 553(c)(3)(B).  The evidence also establishes that Defendants' violation was willful.  *See* Filing No. 63, Memorandum and Order at 2-4, 8, 11.  In light of the nature, extent, and duration of the violation, the court finds an award of $50,000.00 under 47 U.S.C. § 553(c)(3)(B) is appropriate in this case.

Plaintiff is also entitled to recover its costs and reasonable attorneys' fees.  47 U.S.C. § 553(c)(2)(C).  Plaintiff has shown that it has incurred attorneys' fees in the amounts of $2,537.50 for the services of Michelle Young (representing 20.3 hours of work at $125.00 per hour), $577.50 for the services of Mark Novotny (representing 3.3 hours of work at $175.00 per hour), and $23,200.00 for the services of Jeffrey Platt (representing 92.8 hours of work at $250.00 per hour).  Filing No. 70, Exs. J, K & L.  The court has reviewed the affidavits of counsel and attached timesheets and finds the time expended was reasonable for an action of this nature.  Also, based on the affidavits and on the court's familiarity with fees in this, and other communities, the court finds the hourly rates are reasonable.  Under the Cable Act, a plaintiff acts as a private attorney general in enforcing the statute, and the prosecution of pirating cases is nationwide litigation.  Additionally, the award is in line with awards in similar cases.  Accordingly, Comcast will be awarded $26,315.00 in attorneys' fees.  Plaintiff is also awarded costs to be determined in accordance with NECivR 54.1.  Accordingly,

IT IS HEREBY ORDERED that:

1. Damages in the amount of $2,138,115.00 are awarded to Plaintiff Comcast of Illinois X, LLC, pursuant to 47 U.S.C. § 553(c)(3)(A)(i);

2. Enhanced damages in the amount of $50,000.00 are awarded to Plaintiff Comcast of Illinois X, LLC, pursuant to 47 U.S.C. § 553(c)(3)(B);

3. Attorneys' fees in the amount of $26,315.00 are awarded to Plaintiff Comcast of Illinois X, LLC, pursuant to 47 U.S.C. § 553(c)(2)(C);

4. The costs of this litigation are awarded to Plaintiff Comcast of Illinois X, LLC, in an amount to be determined by the Clerk of Court pursuant to NECivR 54.1; and

5. A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 28th day of September, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
Chief U.S. District Court Judge