IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMCAST OF ILLINOIS X, | ) | 8:03CV311 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MULTI-VISION ELECTRONICS, INC., | ) | |
| and RONALD J. ABBOUD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the court on plaintiff's motion for leave to conduct a debtor's exam in aid of execution on a judgment, Filing No. 84.  Plaintiff moves for an order compelling defendant Ronald Abboud to appear and answer concerning his property at a debtor's examination.  Plaintiff further seeks an order requiring defendant Abboud to produce the documentation requested in its attached Exhibit 2 to plaintiff at least seven days prior to the hearing.

    The Federal Rules of Civil Procedure specifically provide the right to post-judgment discovery "[i]n aid of the judgment."  Fed. R. Civ. P. 69(a) (a judgment creditor "may obtain discovery from any person . . . in the manner provided in these rules or . . . by the practice of the state in which the district court is held").  Nebraska law provides that a court may order a judgment debtor "to appear and answer concerning his or her property before the judge of such court or a referee appointed by the judge of such court at time and place specified in the order[.]"  Neb. Rev. Stat. § 25-1565.

    Additionally, the Federal Rules provide a broad right to depositions and discovery both before an after judgment.  Fed. R. Civ. P. 30; *Credit Lyonnais, S.A. v. SGC Intern., Inc.,* 160 F.3d 428, 431 (8th Cir. 1998).  The court finds plaintiff has a right to conduct reasonable post-judgment discovery and to inquire into defendant Abboud's assets.

The record shows that defendant Abboud has appealed the judgment. Filing No. 85. Under Fed. R. Civ. P. 62(d), when an appeal is taken, the appellant may obtain a stay of execution by giving a supersedeas bond. Fed. R. Civ. P. 62(d). If a supersedeas bond is posted and approved by the court, a party is entitled to a stay. *Id.* Alternatively, a party may move for the court to exercise its discretion to waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). No supersedeas bond has been posted.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to conduct a debtor's examination ( Filing No. 84) is granted.

2. Defendant Abboud shall appear before the undersigned to testify in answer to the questions propounded in the Debtor's Examination Form (attached to plaintiff's motion as Exhibit 1) on November 30, 2006, at 3:00 p.m., in Courtroom 3, Roman Hruska courthouse, 111 So. 111th Plaza, Omaha, Nebraska, 68102.

3. Defendant shall produce all books, records, documents, papers, and other materials that contain information concerning his assets, property, income, or indebtedness, including those specified in Exhibit 2 attached hereto, at the hearing and shall provide copies of those documents to plaintiff's counsel at least seven business days before the hearing.

4. Plaintiff's counsel shall serve a copy of this notice, together with copies of Exhibits 1 and 2 of its motion, on defendant Abboud in the manner provided in Neb. Rev. Stat. § 25-1578 and Fed. R. Civ. P. 4.

DATED this 7th day of November, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge