IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMCAST OF ILLINOIS X, | ) | 8:03CV311 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MULTI-VISION ELECTRONICS, INC., and RONALD J. ABBOUD, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on defendants' motion for reconsideration, Filing No. 92, of this court's order granting plaintiff's motion for leave to conduct a debtor's exam in aid of execution on a judgment, Filing No. 84. Defendants assert that the order was entered without affording the defendants an opportunity to respond to the motion.

Defendants are correct. The Local Rules provide that a party shall respond to any motion within 10 days of the date of filing and service of the motion. NECivR 7.1(b)(1)(B). Time is computed in accordance with Fed. Civ. P. 6(a). NECivR 6.1(c). Rule 6(a) of the Federal Rules provides that when a period of time prescribed under the rules is less than eleven days, intermediate weekend days or holidays are not counted. *Id.* Also, the day of filing is not counted. *Id.* District of Nebraska Administrative Rules provide that, in cases of electronic filing, "the System's e-mailing of the 'Notice of Electronic Filing' will be the equivalent of service of the pleading or other paper by first class mail, postage prepaid." Civ Admin Proc II.B.1. The three-day rule of Federal Rule of Civil Procedure 6(e) for service by mail also applies to service by electronic means. NECivR 6.1(b); Civ Admin Proc II.B.4.

Accordingly, the court will reconsider plaintiff's motion for leave to conduct a debtor's exam in light of defendants' submissions. Defendants assert that Ronald Abboud resides

in Florida and that the debtor's exam should be conducted there. Defendant Abboud has not submitted evidence, by affidavit or otherwise, that he resides on Florida. The court cannot rely on recitations of counsel to establish that fact. Defendants' contentions regarding the effect of their notice of appeal on these proceedings is addressed in the court's earlier order. Accordingly, the court has reconsidered plaintiff's motion for leave to conduct a debtor's exam and finds that the court's order granting the motion should remain in effect.

In the motion to reconsider, the defendants also moved to transfer and to quash subpoenas. Those motions are not ripe for consideration by the court. Plaintiff is to be afforded an opportunity to respond to those motions. Accordingly,

IT IS HEREBY ORDERED:

1. Defendants' motion for reconsideration (Filing No. 92) is granted.
2. Defendants' motions to transfer and to quash remain pending.

DATED this 9th day of November, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Court Judge

\