IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMCAST OF ILLINOIS X, | ) | 8:03CV311 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MULTI-VISION ELECTRONICS, INC., and RONALD J. ABBOUD, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on Joann Abboud's motion to quash Comcast's subpoena to USBank, or in the alternative, motion for a protective order (Filing No. 152); plaintiff's motion to compel the law firm of Erickson & Sederstrom, P.C., to respond to a subpoena or for issuance of an order that Erickson & Sederstrom, P.C., appear and show cause why it should not be held in contempt of court for its failure to comply with the subpoena (Filing No. 153); Erickson and Sederstrom, P.C.'s response to that motion, which the court will construe as a motion to quash the subpoena (Filing No. 165).

Ms. Abboud is the mother of the judgment debtor, Ronald J. Abboud. A subpoena for production of Ms. Abboud's bank records was served on USBank on February 13, 2007. The subpoena requires USBank to produce records referring or relating to Ms. Abboud's account or to the accounts of several named entities connected to the judgment debtor, including "any and all bank statements, cancelled checks, signature cards, deposit tickets, withdrawal slips, electronic transfer records, check ledgers, cash journals and ANY OTHER DOCUMENTS evidencing withdrawal of or drawing on funds in the above referenced accounts" from January 1, 2003 to the present. *See* Filing No. 152, Ex. A.

In support of her motion, Ms. Abboud has shown that she was served with a subpoena in Florida in October 2006. *Id.* She filed a motion to quash that subpoena or limit its scope in the United States District Court for the District of Florida. *Id.,* Ex. B. Thereafter, the Florida District Court entered an order limiting document production to those entities that Comcast had shown were connected to Ronald Abboud. *Id.,* Ex. C. Joann Abboud asserts that she has fully complied with the Florida order. She also states that she was deposed in Florida on February 13, 2007. She objects to the subpoena to USBank as overly broad and seeks a protective order with a confidentiality agreement limiting the subpoena to USBank's production of transactions in her bank account that are directly related to the judgment debtor.

In response, Comcast states that it has entered into a Confidentiality Agreement with Ms. Abboud and is agreeable to an extension of that agreement to the documents produced by USBank. See Filing No. 157, Ex. E. Comcast has also presented evidence that Ms. Abboud has made several payments to the judgment debtor, and to entities that have been shown to be connected to the debtor, such a s RJA Guardian Trust and MLS Real Estate during the pendency of this litigation. Filing No. 158, Exs. D. It has further shown that Ms. Abboud's financial dealings are relevant to its collection efforts and that it has been unable to obtain the records elsewhere. Comcast has also shown, in connection with this and other motions, that the judgment debtor has executed transactions on behalf of numerous other entities, obviating the utility of a limitation of the production to transactions involving Ronald J. Abboud. Comcast has also shown that Ms. Abboud has a connection to some of these entities.

The court accordingly finds that the motion to quash the subpoena should be denied. The Confidentiality Agreement between the parties, as extended to the USBank production of documents, should satisfy Ms. Abboud's privacy concerns, and the court will additionally order nondisclosure of the documents or their contents.

In Comcast's motion to compel the production of documents by Erickson & Sederstrom, Comcast seeks the production of "any and all documents which refer or relate in any way to Ronald J. Abboud, RJA Guardian Trust, Ronald J. Abboud Family trust, Joann M. Abboud Revocale trust and Joann M. Abboud, including but not limited to a document prepared in connection with any purchase agreements involving property located in the Empire Park Addition to the city of Omaha, Douglas County, Nebraska." Filing No. 154, Exs. A & B. The subpoena was directed to attorney David Nielsen. *Id.,* David L. Nielsen is *of counsel* at the Erickson & Sederstrom law firm. Filing No. 166, Affidavit of David L. Nielsen. Erickson & Sederstrom objects to the subpoena as overly broad and contends that many of the documents are privileged as either personal business or financial records, attorney/client communications, or attorney work-product. Ms. Abboud has not waived any privilege. *Id.*, Nielsen Aff. at 1. Erickson & Sederstrom has submitted a privilege log in support of its position. *Id.* at 5-11. Some of the documents in Erickson & Sederstrom's possession date back to 1981. *Id.*

The court finds the subpoena is overly broad and burdensome. Comcast has not shown the relevance of most of the documents, nor has it shown that it has been unable to obtain the documents elsewhere. In fact, in its response to the motion to quash, Comcast indicates that it has received voluminous records, presumably some of those requested herein, from Joann Abboud's accountants. *See* Filing No. 169, Reply at 3 n.2.

Ms. Abboud has been ordered to produce the financial records that are relevant to her dealings with Ronald J. Abboud and the entities that have been shown to be connected with him. Additionally, it appears that attorney/client privilege applies to many of the documents. The court accordingly finds that the motion to quash the subpoena should be granted. Accordingly,

IT IS ORDERED:

1. Joann Abboud's motion to quash the subpoena served on USBank, or in the alternative, motion for a protective order (Filing No. 152) is denied;

2. The documents produced pursuant to the subpoena and the information contained in them shall be protected against unauthorized disclosure. Comcast shall not disclose the documents or their contents to any nonparty, and shall limit their use to this litigation only;

3. Comcast's motion to compel the law firm of Erickson & Sederstrom, P.C., to respond to a subpoena or for issuance of a show cause order (Filing No. 153) is denied;

4. Erickson and Sederstrom, P.C.'s response (Filing No. 165), construed as a motion to quash the subpoena, is granted; and

5. The subpoena served on David L. Nielsen, Erickson & Sederstrom, P.C., is hereby quashed.

DATED this 9th day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge