IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COMCAST OF ILLINOIS X, ) | |
| ) | |
| Plaintiff, ) | 8:03CV311 |
| ) | |
| v. ) | |
| ) | |
| MULTI-VISION ELECTRONICS, INC., ) | MEMORANDUM AND ORDER |
| and RONALD J. ABBOUD, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendant Ronald Abboud's motion to for relief from judgment under Fed. R. Civ. P. 60(b)(1),(2), & (6), Filing No. 201. This is an action for civil damages for violations of the Cable Communications and Policy Act, 47 U.S.C. § 553(a)(1) ("Cable Act"). In its complaint, Comcast alleged that Multivision Electronics and its sole officer and shareholder, Ronald J. Abboud (hereinafter, collectively, "Abboud"), violated the Cable Act by distributing cable descramblers between 1991 and 1999. Filing No. 1, Complaint. This court granted Comcast's motion for summary judgment, rejecting Abboud's statute of limitations defense. Filing No. 63, Memorandum and Order. The court later awarded damages to plaintiff in the amount of $2,214,430.00. Filing No. 76. The court found damages should be assessed under the Cable Act "whether or not such profits were derived from the sale of pirate decoders into a plaintiff's system areas" and stated that "a plaintiff acts as a private attorney general in enforcing the statute, and the prosecution of pirating cases is nationwide litigation." Filing No. 76, Memorandum and Order at 4. The judgment was affirmed on appeal. Filing Nos. 190 & 197; *Comcast of Illinois X v. Multi-Vision Electronics, Inc.,* 491 F.3d 938 (8th Cir. 2007).

In the rule 60(b) motion, Abboud asserts that he recently became aware that Comcast of Illinois X, LLC, did not legally exist during the time period of the alleged cable

piracy, but came into existence at the time its Articles of Incorporation were filed in the State of Delaware on January 4, 2001. Filing No. 201, Declaration of Ronald J. Abboud. He argues that all of the alleged wrongful conduct took place many years before Comcast came into existence and seeks relief from the judgment claiming mistake, excusable neglect or newly discovered evidence.

In opposition to the motion, Comcast argues that it sought damages against defendants on behalf of the entire cable industry as a "private attorney general." Filing No. 203, Brief at 2. Further, it has submitted evidence that Comcast Cablevision of Philadelphia, LP (presumably its predecessor in interest), has been in business since 1982.

Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008). The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from becoming a vehicle of injustice. *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). It is well-established that Rule 60(b)(6) authorizes relief only in the most exceptional of cases. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007). Relief under the catch-all provision of the rule "is exceedingly rare as relief requires an '"intrusion into the sanctity of a final judgment."'" *Id.* at 868 (*quoting Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir.1999)).

Under the federal rules, a Rule 60 motion "must be made within a reasonable time, and for reasons (1), (2) and (3) no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes a 'reasonable time' under Rule 60(b) is dependent on the facts of each case, and the time during which an appeal is pending is counted when determining whether a motion was filed within a reasonable time." *Nucor Corp. v. Nebraska Public Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993). Courts recognize, however, "'that a new, one-year period under Rule 60(b) might be triggered if [a] subsequent appellate ruling substantially alters the district court's

2

judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties.'" *Jones v. Swanson*, 512 F.3d at 1048 (*quoting* The *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1089 (10th Cir. 2005).

First, the court finds that Abboud's motion premised on subsections (1) and (2) of Rule 60(b) is untimely. This case has a long and tortured history, including numerous motions for continuances, motions to stay, reconsider or transfer, several changes of counsel and extended litigation in aid of execution on the judgment. Judgment in this case was entered on October 11, 2006. Filing No. 80. Since then, the case was appealed and subsequently stayed pending resolution of Abboud's bankruptcy case. At this late date, the court is reluctant to revisit earlier findings. Whatever the definition of reasonable, the court finds that Abboud's motion was not filed within a reasonable time after the judgment.

Moreover, even if timely, the evidence submitted in support of Abboud's motion does not demonstrate mistake, inadvertence, excusable neglect or present any evidence that, with reasonable diligence, could not have been discovered earlier. Abboud has not shown that Comcast was not in existence at the time of the alleged violations nor that Comcast misled the court. This court's finding that Comcast could recover damages as a "private attorney general" renders Abboud's corporate identity arguments irrelevant. This court's award of damages on that basis has been affirmed. Abboud has not demonstrated exceptional circumstances warranting relief under the catch-all provision of Fed. R. Civ. P. 60(b)(6), nor has he shown fraud on the court. Accordingly,

IT IS ORDERED that the defendant's motion for relief from judgment (Filing No. 201) is denied.

DATED this 13th day of April, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge